hGAUDIN, Judge.
This is an appeal by an attorney following a May 31, 1995 judgement ordering him to pay $1,140.65 and court costs to the plaintiffs in the district court litigation. We reverse.
The attorney, James Manning, apparently had spoken with both the plaintiffs and the defendant before the plaintiffs retained another attorney and sued the defendant, Sandra Tumminello. Manning answered for the defendant.
The plaintiffs then filed a motion asking that Manning be recused because of his prior discussions with the plaintiffs.
From the transcript, it appears that Manning telephoned plaintiffs’ attorney the morning of the motion hearing and advised that he (Manning) had no objection to being recused. Manning did not appear for the hearing.
Plaintiffs asked for attorney fees because Manning had not voluntarily withdrawn from the case, although asked to do so several months before the motion was filed, and because a motion to recuse had to be filed to have Manning removed as attorney for the defendant.
Plaintiffs argue that equity demands the imposition of attorney fees; |2however, we know of no authority for the award of these attorney fees. Absent any statute or jurisprudence permitting such an award, and ab *1206 sent any contractual relationship between Manning and the lawsuit petitioners, the award of attorney fees was error.
REVERSED.